ANTHONY KAEHN v. THE ST. PAUL CO-OPERATIVE ASSO-
CIATION, GEORGE W. HANCOCK, AS ASSIGNEE FOR
THE BENEFIT OF CREDITORS OF THE ST.
PAUL CO-OPERATIVE ASSOCIATION,
AND OTHERS.[1]

June 15, 1923.

No. 23,423.

**Lease by trustee for creditors binds him but not his assignor.**

1. Where a trustee of property for the benefit of the assignor's creditors, enters into a lease of store room with a third party, such contract is not the contract of the assignor, but is the contract of the individual assignee.

[1]Reported in 194 N. W. 112.

Demurrer to complaint sustained.

2. The amended complaint fails to state a cause of action against the assignor or the assignee's surety, and a general demurrer to the complaint was properly sustained.

Action in the district court for Ramsey county to recover $15,000 for breach of contract. From an order, Hanft, J., sustaining separate demurrers to the amended complaint, plaintiff appealed. Affirmed.

*Herbert P. Keller* and *George G. Chapin*, for appellant.

*Arthur Le Sueur* and *Durham & Lystad*, for respondents.


QUINN, J.

Appeal from an order sustaining a general demurrer to an amended complaint. The defendant co-operative association is a corporation and was engaged in the grocery business. In July, 1921, it made an assignment of its property to one George W. Hancock for the benefit of its creditors. In August, 1921, Hancock leased a portion of the floor space in the store room occupied by him as such assignee, to the plaintiff for a meat market, for the term of 5 years from September 15, 1921, at a monthly rental of $130. Plaintiff went into possession, paid the rent and did a thriving business until in June, 1922, when the assignee sold the stock of goods which he had on hand in a job lot and ceased to further occupy the store room, or comply with the terms of plaintiff's lease.

It appears in effect from the pleading that, at and prior to the time of the execution of the lease, Hancock represented and stated to plaintiff that he had full authority to make such lease to the plaintiff for a term of 5 years and was in a position to keep and fulfil the same; that said co-operative association was financially sound and that his authority as such assignee was in all respects legal and binding. That, in entering into said agreement and lease, plaintiff believed and relied upon all of such statements and representations, all of which proved to be false and untrue, as Hancock well knew at the time, etc.

Whether the pleading states a cause of action depends upon whether the lease is a valid and effective contract insofar as the demurring defendants are concerned. A casual reading of the complaint discloses that the cause of action attempted to be set forth therein is based upon the theory that the assignee was without legal authority to enter into such a contract for the period of 5 years. The complaint alleges in effect that the assignee as such had no such authority. Appellant so urges in his brief and contends that an assignee continuing the business is liable personally on contracts entered into by him, and that such contracts are not those of the assignor. The case of Taylor v. Davis, 110 U. S. 330, 331, 4 Sup. Ct. 147, 28 L. ed. 163, applies. It is there said that a trustee is not an agent. An agent represents and acts for his principal, who may be either a natural or artificial person. A trustee may be defined generally as a person in whom some estate, interest or power in or affecting property is vested for the benefit of another. When an agent contracts in the name of his principal, the principal contracts and is bound, but the agent is not. When a trustee contracts as such, unless he is bound no one is bound, for he has no principal. The trust estate cannot promise; the contract is therefore the personal undertaking of the trustee. As a trustee holds the estate, although only with the power and for the purpose of managing it, he is personally bound by the contracts he makes as trustee, even when designating himself as such. The mere use by the promisor of the name of trustee or any other name of office or employment will not discharge him.

Under the general rule as above stated, if the trustee was authorized to enter into any lease to plaintiff, it was simply an ordinary contract, upon which he was personally liable, and it in no way binds the co-operative association nor is the indemnity liable thereon. The pleading demurred to fails to state a cause of action against either of the demurring defendants, and George W. Hancock was not served with process.

Affirmed.